Kinkead, J.
The plaintiff brings this action setting np a mechanic’s lien filed June 19, 1909, the lien dating from April 7, 1909, the date when the work began.
The Mutual Savings & Loan Association files an answer and cross-petition setting np a lien of $1,400 made by it March 30, 1909, to Thomas W. and Aley J. Robinson. It is alleged that this money was set aside under the forms of its contract by depositing it in the bank, subject to the call of Robinsons under their form of mortgage contracts in the construction of the building upon the premises involved in this ease. This mortgage was filed March 30, 1909, and its lien dates from that day.
R. W. Johnson files an answer and cross-petition setting forth a note and mortgage for $325, which was filed April 1, 1909.
It appears in the brief of the Savings & Loan Association that Johnson deed this property to Aley J. Robinson, although the pleadings do not show this. This brief also states that the *576 deed from Johnson to Robinson was placed on record March 19, 1909, and that the mortgage from the defeiidants Robinson to Johnson was withheld from the record until after the mortgage to the Mutual Savings & Loan Association was given and filed. The brief further claims that the Savings & Loan Association had no notice or knowledge of any claim of Johnson for purchase money.
I do not find anything in any of the pleadings filed that warrants the conclusion that the claim of Johnson against Robinson is founded upon a vendor’s lien, and as the ease is now submitted solely on the pleadings, the conclusion reached is that the claim of the Mutual Savings & Loan Association for its interest and expenses from March 30, 1909, to September 24, 1909, is the first lien upon the property; that the mortgage of Johnson is a second lien, and the mechanic’s lien of the plaintiff the third lien. It is doubtful whether or not the lien of the plaintiff is good, because it does not state on the face of the petition that notice, in writing, of such lien was given to the owner of the property, and if a demurrer was filed to it for that reason, it should be sustained.
If Johnson asserts the claim that his lien was for purchase money, and is, therefore, prior to any other, notwithstanding he has taken a mortgage, this question should be presented in a proper way. But upon the pleadings as the case is submitted the finding is as above. If the parties desire to have it submitted in this way, without any further testimony or amendments to the pleadings, the finding of the amount due the Savings & Loan Association, and a declaration of its lien as the first in order, together with the finding of the amount due Johnson on his note, and that his lien is the second lien thereon, may be drawn.
A decree of foreclosure and sale may be entered up accordingly. Exceptions may be noted by all the parties.